Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL ESPECIAL**

| | | |
|---|---|---|
| Luz M. Fuentes González<br><br>Recurrida<br><br>vs.<br><br>Condominio Baldorioty Plaza, Guardian Insurance, Essential Insurance P.R.; Universal Insurance Co., Compañía Aseguradora A, Compañía Aseguradora B, Juana Doe y Juan Doe<br><br>Peticionarios | KLCE202400900 | ***CERTIORARI***<br>procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil Núm.: SJ2022CV09337 (806)<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Ronda del Toro y la Jueza Díaz Rivera.

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 8 de octubre de 2024.

Comparece ante nos, el Condominio Baldorioty Plaza (Condominio Baldorioty) y Guardian Insurance Company, Inc. (GIC) (en conjunto, peticionarios), quienes presentan recurso de *Certiorari* en el que solicitan la revocación de la "Resolución" emitida el 17 de julio de 2024,[1] por el Tribunal de Primera Instancia, Sala Superior de San Juan. Mediante dicho dictamen, el foro primario determinó que la causa de acción no está prescrita, y ordenó la continuación de los procedimientos.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, expedimos el auto de *Certiorari* y confirmamos la "Resolución" recurrida, por los fundamentos que expondremos a continuación.

---

[1] Notificada ese mismo día.

Número Identificador

SEN2024 _____

**I.**

El 24 de octubre de 2022, la señora Luz M. Fuentes González (Sra. Fuentes González o recurrida) presentó una "Demanda" por daños y perjuicios contra los peticionarios. En resumidas cuentas, alegó que, el 11 de octubre de 2021, sufrió una caída en las escaleras del Condominio Baldorioty. Atribuyó dicha caída a la pintura de aceite utilizada para pintar las escaleras, y a la ausencia de bandas antideslizantes. Por estos hechos, reclamó $95,000.00 en concepto de daños físicos y morales, más costas, gastos y honorarios de abogado.

Como parte de sus alegaciones, la Sra. Fuentes González arguyó que, el 25 de octubre de 2021, advino en conocimiento de que GIC había expedido una póliza que cubre el incidente por el cual se reclama. Por este motivo, adujo que, el 5 de octubre de 2022, envió una carta al Condominio Baldorioty a la dirección postal que le fue facilitada. Sin embargo, arguyó que dicha carta fue devuelta por el servicio postal indicando que la dirección era insuficiente.

Por su parte, el 3 de abril de 2023, los peticionarios presentaron una "Moción de Desestimación", y argumentaron que la causa de acción estaba prescrita. Afirmaron que, como la carta enviada por la recurrida fue devuelta por el correo, dicha misiva nunca tuvo el efecto de interrumpir el término prescriptivo. Por ende, expusieron que la "Demanda" se presentó luego de transcurrido el término prescriptivo de 1 año.

En respuesta, el 21 de abril de 2023, la Sra. Fuentes González presentó una "Réplica a Moción de Desestimación por Prescripción [...]", y negó que su reclamación estuviese prescrita. Sostuvo que la carta se envió a la dirección provista por el propio Condominio Baldorioty, por lo que, en todo caso, fue este quien provocó que la correspondencia no le llegara.

Evaluados los escritos de ambas partes, el 26 de abril de 2023,[2] el Tribunal de Primera Instancia emitió una "Resolución", y declaró No Ha Lugar la "Moción de Desestimación" presentada por los peticionarios.

Inconformes, el 11 de mayo de 2023, los peticionarios presentaron una "Moción de Reconsideración" en la que reiteraron que la "Demanda" estaba prescrita. En lo atinente, resaltaron el hecho de que, desde el año 2021, la recurrida fue presidenta de la Junta de Directores del Condominio Baldorioty y, como tal, debió haber conocido la dirección correcta y/o los medios para verificar el recibo de la carta.

La Sra. Fuentes González presentó su "Réplica a Moción de Reconsideración [...]" el 24 de mayo de 2023, y reafirmó que, conforme las alegaciones de su "Demanda", el término prescriptivo comenzó a transcurrir el 25 de octubre de 2021.

Atendidas sus posturas, el 24 de mayo de 2023,[3] el TPI emitió una "Resolución" mediante la cual declaró No Ha Lugar la "Moción de Reconsideración" presentada por los peticionarios.

Aún insatisfechos, el 23 de junio de 2023, los peticionarios recurrieron ante este Tribunal de Apelaciones. Examinado el recurso ante nos, el 31 de julio de 2023,[4] emitimos "Sentencia" y revocamos la "Resolución" recurrida. En términos literales, dispusimos lo siguiente:

> *Es un hecho real que la carta extrajudicial que le envió Fuentes González a Condominio Baldorioty el 5 de octubre de 2022, se hizo a una dirección insuficiente. Como era de esperarse, la misma fue devuelta por el servicio del correo y **del expediente ante nos, no surge que Fuentes González haya realizado esfuerzo razonable alguno, como verificar si había dirección adicional o alterna, verificar cual era la dirección correcta o realizar un diligenciamiento personal. No debemos obviar, que Fuentes González no solo es residente del***

---

[2] Notificada en igual fecha.
[3] Notificada ese mismo día.
[4] Notificada el 3 de agosto de 2023.

> ***Condominio Baldorioty**, sino que es presidenta de la Junta de Condómines.*
>
> *Así pues, al evaluar los hechos alegados en la Demanda junto con la Minuta de la reunión de la Junta que se llevó a cabo el 29 de octubre de 2022, debemos concluir que evidentemente existía un problema con el recibo de cartas porque la dirección del condominio no contenía el número de ruta luego del 00912. **Por lo cual, le corresponde al TPI determinar desde que momento Fuentes González conocía de los inconvenientes con la dirección del Condominio Baldorioty. Es decir, si lo conocía desde el momento en que envió la carta extrajudicial o si advino en conocimiento al recibir la carta devuelta por la dirección ser insuficiente**.*

(Énfasis nuestro).

La Sra. Fuentes González recurrió de esta determinación ante el Tribunal Supremo de Puerto Rico, el cual declaró No Ha Lugar el recurso discrecional presentado ante sí. Habiendo advenida final y firme nuestra determinación, y recibido el mandato correspondiente, el foro *a quo* señaló vista evidenciaria para "determinar si la [recurrida] conocía los inconvenientes con la dirección del condominio desde el momento en que envió la carta extrajudicial o al recibir la carta devuelta. Esto con el propósito de determinar si la acción estaba prescrita o no".[5]

Celebrada la vista correspondiente, el 17 de julio de 2024,[6] el Tribunal de Primera Instancia emitió "Resolución" mediante la cual determinó lo siguiente:

> *La Sra. Luz M. Fuentes González advino en conocimiento de los inconvenientes con la dirección del Condominio Baldorioty Plaza cuando recibió devuelta por el correo postal la carta conteniendo la reclamación extrajudicial debido a que la dirección era insuficiente.*

En descontento, los peticionarios recurren ante este foro apelativo intermedio, y señalan la comisión de los siguientes errores, a saber:

> *Primer Error: Erró y cometió un craso error de derecho el Tribunal de Primera Instancia al pasar por alto que la*

---

[5] Véase, "Minuta" del *status conference* celebrado el 8 de febrero de 2024; Apéndice pág. 80.
[6] Notificada en igual fecha.

*jurisprudencia requiere que, para que una carta exponiendo una reclamación extrajudicial interrumpa un término prescriptivo, la carta sea enviada a la dirección correcta y sea efectivamente recibida por quien el remitente pretende notificar, de modo que el receptor entre en conocimiento real y genuino del interés del remitente de interrumpir el plazo prescriptivo.*

*Segundo Error: Erró y cometió un craso error de derecho el Tribunal de Primera Instancia al obviar que en este caso la demandante envió su misiva a la dirección incorrecta, omitiendo el número de apartado y el nombre correcto del Municipio, por lo que no tuvo un efecto interruptor del término prescriptivo anual para entablar el reclamo de daños y perjuicios.*

*Tercer Error: Erró crasamente el Tribunal de Primera Instancia en su apreciación de la prueba y al determinar que la demandante-presidenta de la Junta de Condómines del Condominio Baldorioty Plaza (parte demandada)- desconocía sobre los supuestos problemas con la dirección del lugar cuando la prueba demostró todo lo contrario.*

*Cuarto Erro: Erró el Tribunal de Primera Instancia al negarse a aplicar la defensa de prescripción levantada por los demandados cuando quedó demostrado que el reclamo de daños y perjuicios está prescrito.*

## II.

### -A-

La teoría de daños y perjuicios basada en el Art. 1536 del Código Civil, 31 LPRA sec. 10801, establece que "[l]a persona que por culpa o negligencia causa daño a otra, viene obligada a repararlo". Por otra parte, el Art. 1204 del Código Civil, 31 LPRA sec. 9496, dispone que la reclamación para exigir responsabilidad extracontractual prescribe por el transcurso de 1 año, a contarse desde que el perjudicado conoce la existencia del daño y quien lo causó. Por tanto, si el perjudicado no solicita indemnización dentro del término antes dispuesto, y tampoco produce la interrupción de este plazo, su reclamación será desestimada por tardía. *Birriel Colón v. Econo y otro*, 2023 TSPR 120.

### -B-

El Art. 1189 del Código Civil de Puerto Rico, 31 LPRA sec. 9481, define el concepto de prescripción como "una defensa que se opone a quien no ejercita un derecho o acción dentro del plazo de

tiempo que la ley fija para invocarlo". En otras palabras, es una figura del derecho sustantivo que extingue el derecho que posee una persona a ejercer determinada causa de acción. *Nevárez Agosto v. United Surety et al.*, 209 DPR 346, 356 (2022). Su propósito es castigar la inercia en el ejercicio de los derechos, y evitar así la adjudicación de reclamaciones antiguas. *Íd.*

Ahora bien, la prescripción extintiva es susceptible de ser interrumpida. A esos efectos, el Art. 1197 del Código Civil, 31 LPRA sec. 9489, dispone que:

> *La prescripción de las acciones se interrumpe:*
>
> *(a) mediante la presentación de la demanda judicial o de la reclamación administrativa o arbitral por el acreedor contra el deudor, en resguardo del derecho que le pertenece; y en el caso de acciones disciplinarias, por la presentación de la queja;*
>
> *(b) por una* **reclamación extrajudicial** *hecha por el acreedor, dirigida al deudor; o*
>
> *(c) por el reconocimiento de la obligación por el deudor.*
>
> *Producida la interrupción, comienza nuevamente a transcurrir el cómputo del plazo prescriptivo.*

(Énfasis suplido).

La ausencia de algún acto interruptor durante el plazo marcado por la ley implicará que el derecho a ejercer determinada causa de acción estará prescrito. *Cacho González et al. v. Santarrosa et al.*, 203 DPR 215, 228 (2019). Sin embargo, si es interrumpida la prescripción por alguno de los métodos antes mencionados, el término prescriptivo comenzará a transcurrir nuevamente desde el momento en que se produce el acto interruptor. *Menéndez, Velázquez v. Rodríguez et al.*, 203 DPR 885, 893 (2020).

La reclamación extrajudicial, como acto interruptor, puede ser verbal o escrita y no exige forma específica para interrumpir la prescripción. *Pereira Suárez v. Jta. Dir. Cond.*, 182 DPR 485, 505 (2011). Lo esencial es que surja una manifestación inequívoca del

acreedor expresando su voluntad de no perder su derecho. *Cacho González et al. v. Santarrosa et al.*, *supra*, a la pág. 228. En ese sentido, la voluntad de producir el acto interruptor debe ser clara y patente, que no deje dudas acerca de su intención. *Meléndez Guzmán v. Berríos López*, 172 DPR 1010, 1019 (2008).

Ahora bien, nuestro Tribunal Supremo ha enumerado ciertos requisitos que debe cumplir una reclamación extrajudicial para que ésta, en efecto, interrumpa el término prescriptivo, a saber: (1) debe ser oportuna, o sea, hecha dentro del plazo prescriptivo, (2) el reclamo debe hacerse por el titular del derecho o su representante, (3) el medio utilizado para reclamar debe ser idóneo, y (4) identidad entre el derecho que se reclama y el afectado por la prescripción. *Díaz Santiago v. International Textiles,* 195 DPR 862, 870 (2016). Es el titular del derecho quien posee el peso de la prueba para probar que se ha producido un acto interruptivo de la prescripción. *Pereira Suárez v. Jta. Dir. Cond.*, *supra*, a la pág. 516.

**-C-**

La Regla 304 de Evidencia, 32 LPRA Ap. VI, R. 304, establece 39 presunciones controvertibles, entre ellas, que "[u]na carta dirigida y cursada por correo debidamente, fue recibida en su oportunidad". Por tratarse de una presunción controvertible, la parte contra la cual se pretende aplicar la presunción puede presentar prueba en contrario para derrotarla. En otras palabras, "existe la posibilidad de presentar evidencia para demostrar la inexistencia del hecho presumido". *Pueblo v. Colón González*, 209 DPR 967, 984 (2022).

A esos efectos, la Regla 302 de Evidencia, 32 LPRA Ap. VI, R. 302, dispone que:

> [e]*n una acción civil, una presunción impone a la parte contra la cual se establece la presunción el peso de la prueba para demostrar la inexistencia del hecho presumido. Si la parte contra la cual se establece la presunción no ofrece evidencia para*

*demostrar la inexistencia del hecho presumido, la juzgadora o el juzgador debe aceptar la existencia de tal hecho. Si se presenta evidencia en apoyo de la determinación de la inexistencia de tal hecho, la parte que interesa rebatir la presunción debe persuadir a quien juzga de que es más probable la inexistencia que la existencia del hecho presumido.*

(Énfasis provisto).

Es decir, en pleitos civiles, la parte afectada por una presunción posee el peso de la prueba para persuadir al juzgador sobre la inexistencia del hecho presumido. De este modo, le corresponde presentar evidencia con un mayor valor probatorio con el fin de que el juzgador pueda estimar que no ocurrió el hecho presumido. E.L. Chiesa Aponte, Tratado de Derecho Probatorio, Santo Domingo, Editora Corripio, C. por A., Tomo II, 1999, pág. 1098.

**III.**

De entrada, debemos mencionar que, de conformidad con los criterios establecidos en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* este foro apelativo intermedio se encuentra en posición de expedir el *auto.* Ante la discreción que poseemos para atender el asunto, procedemos a resolver la presente controversia.

Toda vez que los señalamientos de error presentados por los peticionarios se encuentran íntimamente relacionados, procedemos a discutirlos conjuntamente.

El tracto procesal discutido en el acápite primero revela que los peticionarios solicitaron la desestimación de la reclamación presentada en su contra, por prescripción. Su contención es que, a pesar de que la Sra. Fuentes González envió mediante carta su reclamación extrajudicial dentro del término prescriptivo de 1 año, dicha misiva fue remitida a una dirección incorrecta y, por tanto, nunca fue recibida.

En su escrito, los peticionarios argumentan que, según los casos de *CSMPR v. Carlo Marrero et als.*, 182 DPR 411 (2011) y *Hawayek v. A.F.F.*, 123 DPR 526 (1942), "lo determinante es que [la carta] llegue a su destino y no su mero envío".[7] En atención a lo cual, le correspondía a la recurrida "cerciorarse de que la misiva que envió fue recibida en la dirección correcta",[8] o utilizar "otros métodos disponibles de interrupción que no aprovechó".[9] Asimismo, aseguran que, previo al envío de su reclamo, la Sra. Fuentes González conocía "que existía un problema con la dirección del Condominio".[10] Por ende, sostienen que erró el foro recurrido al negarse desestimar la "Demanda" por prescripción. No les asiste la razón.

Tanto en el caso de *CSMPR v. Carlo Marrero et als.*, *supra*, así como en el de *Hawayek v. A.F.F.*, *supra*, los demandados alegaban que las cartas que se les enviaron con el propósito de interrumpir el término prescriptivo nunca fueron recibidas por ellos.

En el caso de *Hawayek v. A.F.F.*, *supra*, al igual que en este caso, el foro *a quo* celebró una vista donde el juzgador tuvo la oportunidad de evaluar prueba, incluyendo el testimonio del demandante y el demandado. El demandante declaró a los efectos de que él envió las cartas, mientras que el demandado testificó que no había recibido la correspondencia. Al evaluar las copias de las cartas unido a los testimonios de las partes, el Tribunal de Primera Instancia concluyó que las cartas habían interrumpido el término prescriptivo. Por tratarse de un asunto de credibilidad, nuestro Tribunal Supremo no alteró el dictamen recurrido.

Por su parte, en el caso de *CSMPR v. Carlo Marrero et als.*, *supra*, la demandante alegó que las cartas que envió al demandado tuvieron el efecto de interrumpir el término prescriptivo. Sin

---

[7] Véase, recurso a la págs. 14 y 15.
[8] *Íd.* a la pág. 16.
[9] *Íd.*
[10] *Íd.* a la pág. 19.

embargo, el demandado arguyó que nunca recibió dichas cartas porque fueron enviadas a una dirección que no era su dirección postal. Distinto al caso de caso de *Hawayek v. A.F.F., supra,* el Tribunal de Primera Instancia declaró sin lugar la moción de desestimación presentada por el demandado sin celebrar vista alguna. Por este motivo, el Tribunal Supremo revocó el dictamen, y ordenó al foro primario a celebrar una vista evidenciaria para dirimir la controversia. Aclaró lo siguiente:

> *De determinarse que las cartas no fueron enviadas a la dirección correcta o que éstas no llegaron a su destino, procede la desestimación de la demanda por prescripción. De lo contrario, si se determina que, en efecto, fueron enviadas correctamente y que llegaron a su destino, el término prescriptivo se habrá interrumpido y la demanda se habrá presentado oportunamente.*

En el caso de marras, los peticionarios no disputan el hecho de que el contenido de la carta enviada el 5 de octubre de 2022 cumple sustantivamente con los elementos de una reclamación extrajudicial. No obstante, aducen que dicha misiva se envió a una dirección postal incorrecta y que, por tal motivo, no fue recibida. En cambio, la recurrida enfatiza que su reclamación extrajudicial interrumpió el término prescriptivo y, por tanto, su reclamo no está prescrito.

No albergamos duda de que la Sra. Fuentes González presentó prueba suficiente para demostrar que envió la carta. Por consiguiente, aplica la presunción de la Regla 304 de Evidencia, *supra,* que establece que una carta dirigida y cursada por correo debidamente fue recibida en su oportunidad. Sin embargo, los peticionarios presentaron evidencia con el propósito de rebatir el hecho presumido de que las cartas llegaron a su destino. Por esta razón, en el caso KLCE202300712 ordenamos al Tribunal de Primera Instancia a celebrar una vista evidenciaria para atender esta controversia. En específico, le ordenamos:

*determinar desde que momento Fuentes González conocía de los inconvenientes con la dirección del Condominio Baldorioty. Es decir, si lo conocía desde el momento en que envió la carta extrajudicial o si advino en conocimiento al recibir la carta devuelta por la dirección ser insuficiente.*

(Énfasis nuestro).

El foro recurrido celebró dos vistas evidenciarias los días 3 y 10 de julio de 2024. Con el beneficio de la transcripción estipulada que consta en nuestro legajo apelativo, procedemos a exponer un breve resumen de los declarado por los testigos.

En la vista se marcó como Exhibit 1 de las partes la "Minuta" de la reunión celebrada el 29 de octubre de 2022,[11] la cual lee como sigue:

*La presidenta comienza dando los buenos días y rápidamente pasa a discutir los temas en Agenda.*

*Primer tema:*

*Dirección correcta del Condominio Baldorioty Plaza.*

*La presidenta indica que hay varios titulares que se han acercado a ella para indicar que hay correspondencia que no les llega y también que han sido devueltas. La secretaria expone que ella también se ha dado cuenta que en la correspondencia del condominio hay diferentes direcciones.*

*La presidenta menciona ejemplos de facturas que no han llegado como LUMA por lo cual hay una deuda en atrasos y también menciona al licenciado R Barau sobre una carta que le fue devuelta a consecuencia de la mala dirección.*

*A raíz de esto la presidenta le había solicitado a la secretaria que investigara como es la dirección exacta ya que ella trabaja con un programa que se llama MAILSTAR y ese programa indica como son las direcciones correctas en Puerto Rico.*

*En el día de hoy la secretaria muestra una copia de cómo es la dirección exacta e incluye también como aparece en la página de USPS.*

*Luego de evaluar esta situación se determinó informar a todos los residentes y suplidores la dirección correcta y única.[12]*

(Énfasis nuestro).

---

[11] Véase, TPO del 3 de julio de 2024, a la pág. 17.
[12] Véase, apéndice pág. 113.

La primera testigo en declarar fue la señora Edith Ivelisse Díaz Colón, tesorera de la Junta.[13] Indicó que, junto a los demás miembros de la Junta, verificó minutas anteriores con relación a la controversia de la dirección,[14] pero la única que trata el tema de la corrección de la dirección es la del 29 de octubre de 2022.[15] Declaró que estuvo presente en la asamblea,[16] y que luego de culminada la misma se colocó un flyer en distintas partes del Condominio,[17] el cual informó lo siguiente:

*Saludos Titulares:*

***Para conocimiento de todos y para que las cartas y envíos del correo no se pierdan o sean devueltos***, ***esta es la dirección correcta del condominio***.

> *Cond. Baldorioty Plaza*
> *212 Calle Diez de Andino Apt ___*
> *San Juan P.R 00912-3432.[18]*

(Énfasis suplido).

Continuó explicando que, desde que vive en el edificio, la dirección que el Condominio Baldorioty suministraba a todo aquél que interesaba comunicarse con la Junta era la siguiente: "Condominio Baldorioty Plaza, Junta Condóminos, 2022-23, 212 calle Diez de Andino, Santurce P.R 00912".[19] Además, expresó que, tal y como surge de la "Minuta", la Junta delegó en la señora Margarita Velázquez que hiciera gestiones para conseguir la dirección correcta,[20] que fue la que se incluyó en los flyers.[21]

En el contrainterrogatorio, manifestó conocer a la recurrida desde el año 2017,[22] y admitió que habían conversado sobre el

---

[13] Véase, TPO del 3 de julio de 2024, a la pág. 18, líneas 6-8.
[14] Véase, TPO del 3 de julio de 2024, a la pág. 15, líneas 19-25; pág. 16, línea 1.
[15] Véase, TPO del 3 de julio de 2024, a la pág. 16, líneas 2-2.
[16] Véase, TPO del 3 de julio de 2024, a la pág. 18, líneas 9 y 10.
[17] Véase, TPO del 3 de julio de 2024, a la pág. 20, líneas 23-25; pág. 21, líneas 1-3.
[18] Véase, apéndice pág. 114.
[19] Véase, TPO del 3 de julio de 2024, a la pág. 22, líneas 5 y 19.
[20] Véase, TPO del 3 de julio de 2024, a la pág. 26, líneas 17-24.
[21] Véase, TPO del 3 de julio de 2024, a la pág. 26, línea 25; pág. 27, líneas 1-3.
[22] Véase, TPO del 3 de julio de 2024, a la pág. 28, líneas 2-5.

caso.[23]  También, comentó que, el 22 de agosto de 2022, realizó una llamada para hacer un acuerdo de plan de pago,[24] según se menciona en la minuta del 29 de octubre de 2022.

La segunda testigo fue la señora Margarita Raquel Velázquez Sánchez, secretaria de la Junta.[25]  Afirmó que lleva 35 años trabajando para la compañía Claro,[26] específicamente en el departamento de asignaciones de números y recuperación de direcciones.[27]  Esbozó que, como parte de sus funciones, tiene acceso a ciertos programas que le permiten verificar las direcciones correctas en Puerto Rico, entre estos, MailStar.[28]  Narró que, luego de verificar en los programas, "[e]fectivamente, la dirección que decía el condominio no era la correcta.  No era la misma que según el correo federal, MailStar y las coordenadas tiene que tener".[29] Destacó que, según su investigación, la dirección correcta es: "Cond. Baldorioty Plaza, 212, Calle Diez de Andino, San Juan, P.R 00912-3432",[30] y que, a base de sus gestiones, fue que el Condominio entonces corrige la dirección.[31] Añadió que la dirección anterior era incorrecta porque: (1) no tenía el 3432 o "plus 4", y (2) decía "Santurce" en lugar de "San Juan".[32]

En el contrainterrogatorio se hizo alusión al acuse de recibo de la carta que envió la recurrida con el fin de interrumpir el término prescriptivo, y señaló que la carta debió haber sido devuelta, ya que de la dirección allí contenida no surge un apartamento o apartado.[33]

---

[23] Véase, TPO del 3 de julio de 2024, a la pág. 28, líneas 22-25; pág. 29 líneas 1-8.

[24] Véase, TPO del 3 de julio de 2024, a la pág. 40, líneas 24 y 25; pág. 41 líneas 1-5.

[25] Véase, TPO del 3 de julio de 2024, a la pág. 42, líneas 24 y 25; pág. 43 líneas 1-3.

[26] Véase, TPO del 3 de julio de 2024, a la pág. 43, líneas 21-25.

[27] Véase, TPO del 3 de julio de 2024, a la pág. 44, líneas 1-3.

[28] Véase, TPO del 3 de julio de 2024, a la pág. 44, líneas 4-16.

[29] Véase, TPO del 3 de julio de 2024, a la pág. 45, líneas 2-8.

[30] Véase, TPO del 3 de julio de 2024, a la pág. 45, líneas 15-19.

[31] Véase, TPO del 3 de julio de 2024, a la pág. 46, líneas 8-11.

[32] Véase, TPO del 3 de julio de 2024, a la pág. 51, líneas 3-10.

[33] Véase, TPO del 3 de julio de 2024, a la pág. 49, líneas 3-16.

La última testigo fue la Sra. Luz M. Fuentes González, presidenta de la Junta.[34] Informó que, la primera ocasión que se enteró del inconveniente con la dirección fue a través de su representante legal, quien le informó que la carta incluyendo su reclamación extrajudicial había sido devuelta.[35] Tan pronto advino en conocimiento de ello, se lo comunicó a la secretaria de la Junta para que investigara e identificara la dirección exacta.[36] Sostuvo que, el 29 de octubre de 2022, la Junta decidió comunicar a los titulares la dirección correcta mediante la colocación de flyers.[37] Reiteró que, desde que se mudó al Condominio para el año 2007, la dirección que se le facilitó era la equivocada, o sea, la de: "Condominio Baldorioty Plaza, Junta Condóminos, 2022-23, 212 calle Diez de Andino, Santurce P.R 00912".[38] Hizo hincapié en que esta dirección se estuvo facilitando a los residentes hasta el 29 de octubre de 2022, fecha en que se colocó la dirección suministrada por la secretaria de la Junta.[39]

En el contrainterrogatorio, reconoció que los hechos por los cuales se reclaman ocurrieron el 11 de octubre de 2021 y que, según se alegó en la demanda, la reclamación extrajudicial se envió el 5 de octubre de 2022.[40] Adicionalmente, aseveró que la correspondencia fue devuelta por dirección insuficiente.[41] Por su parte, estribó que, debido a una deuda, autorizó a la señora Ángela Germosén a hacer gestiones en LUMA.[42] Indicó que, según la

---

[34] Véase, TPO del 10 de julio de 2024, a la pág. 12, líneas 2-6.
[35] Véase, TPO del 10 de julio de 2024, a la pág. 14, líneas 7-20.
[36] Véase, TPO del 10 de julio de 2024, a la pág. 14, líneas 21-25; pág. 15, líneas 1-5.
[37] Véase, TPO del 10 de julio de 2024, a la pág. 16, líneas 18-25; pág. 17, líneas 1-14.
[38] Véase, TPO del 10 de julio de 2024, a la pág. 17, líneas 19-25; pág. 18, líneas 1-15.
[39] Véase, TPO del 10 de julio de 2024, a la pág. 19, líneas 21-25; pág. 20, líneas 1-3.
[40] Véase, TPO del 10 de julio de 2024, a la pág. 24, líneas 6-15.
[41] Véase, TPO del 10 de julio de 2024, a la pág. 24, líneas 16-23.
[42] Véase, TPO del 10 de julio de 2024, a la pág. 28, líneas 1-12.

certificación de LUMA, la señora Ángela Germosén fue orientada respecto al plan de pago el 10 de agosto de 2022.[43]

En el redirecto, describió a la señora Ángela Germosén como una titular que le ayudaba en varias cosas, entre ellas, en cobro y hablar con el contable.[44] De igual forma, clarificó que no existía un departamento de facturación y pagos, sino que la señora Ángela Germosén ayudaba con el pago de los "utilities", incluyendo LUMA, porque la presidenta se encargaba de otras cosas.[45]

Escuchada y aquilatada la prueba testifical que antecede, el Tribunal de Primera Instancia concluyó lo siguiente:

> **La Sra. Luz M. Fuentes González advino en conocimiento de los inconvenientes con la dirección del Condominio Baldorioty Plaza cuando recibió devuelta por el correo postal la carta conteniendo la reclamación extrajudicial debido a que la dirección era insuficiente.**

(Énfasis suplido).

Como regla general, un foro apelativo no debe intervenir con la adjudicación de credibilidad que haya efectuado el juzgador de los hechos. *Serrano Muñoz v. Aux. Mutuo*, 171 DPR 717, 741 (2007). Es el juzgador quien, de ordinario, está en mejor posición para aquilatar la prueba testifical desfilada, ya que fue quien observó y escuchó a los testigos. *Argüello v. Argüello*, 155 DPR 62, 79 (2001). Por ende, este tribunal revisor no intervendrá con la apreciación de la prueba hecha por el juzgador de los hechos, salvo que exista error manifiesto, pasión, prejuicio o parcialidad. *González Hernández v. González Hernández*, 181 DPR 746, 776-777 (2011).

El caso de autos, al igual que el de *Hawayek v. A.F.F.*, *supra*, versa básicamente sobre la credibilidad que el juzgador dio a los testigos. Conforme la normativa que antecede, no hay evidencia en

---

[43] Véase, TPO del 10 de julio de 2024, a la pág. 30, líneas 18-25; pág. 31, líneas 1-11.
[44] Véase, TPO del 10 de julio de 2024, a la pág. 33, líneas 1-15.
[45] Véase, TPO del 10 de julio de 2024, a la pág. 34, líneas 4-16.

los autos que nos mueva a alterar la conclusión del foro primario, ya que la apreciación de la prueba no denota perjuicio, parcialidad o abuso de discreción. Por lo tanto, actuó correctamente el Tribunal de Primera Instancia al concluir que la "Demanda" no estaba prescrita.

No podemos obviar el hecho de que "la buena fe constituye un criterio necesario para valorar el acto de interrupción de la prescripción en sí mismo y su potencial eficacia para producir el efecto interruptivo". *Birriel Colón v. Econo y otro, supra.* Después de todo, "la prescripción no es una figura rígida[,] sino que la misma admite ajustes judiciales, según sea requerido por las circunstancias particulares de los casos y la noción de lo que es justo". *Íd.*, citando a *Santiago v. Ríos Alonso*, 156 DPR 181, 189-190 (2002). (Énfasis omitido).

## IV.

Por los fundamentos antes expuestos, los que hacemos formar parte de este dictamen, expedimos el auto de *Certiorari* y confirmamos la "Resolución" recurrida, emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones